United States District Court
District of Massachusetts

---

**United States of America**

v.                                         **Criminal No.:  03-cr-30038-MAP**

**John Griffin**

---

**Motion to Vacate Conviction Pursuant to 28 U.S.C. § 2255 and
<u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019)**

Pursuant to 28 U.S.C. § 2255, John Griffin moves to vacate his conviction for being a person with a proscribed status under 18 U.S.C. § 922(g) in possession of a firearm/ammunition.  In <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019), the Supreme Court held the government must prove that a defendant knew, at the time of the alleged possession, that he belonged to the relevant category of persons barred from possessing firearms and ammunition.  <u>Rehaif</u>, 139 S. Ct. at 2200.  Pursuant to <u>Rehaif</u>, Griffin's conviction for being a person in possession of a firearm and ammunition must be vacated.

In support of this motion, Griffin states the following:

1. Defendant was convicted of violating 18 U.S.C. § 922(g) via a plea of guilty on July 12, 2004.  On September 10, 2004, he was sentenced to 204 months' imprisonment, followed by 5 years Supervised Release.  He is currently on Supervised Release.

2. This is defendant's second motion pursuant to 28 U.S.C. § 2255. He has filed an application before the First Circuit for permission to file a second or successive § 2255 motion.

3. Reversing every circuit court to decide the issue of knowledge of status, the Supreme Court held in Rehaif v. United States, 139 S. Ct. 2191, 2194 (2019) that: "To convict a defendant [under 18 U.S.C. § 922(g)], the Government [] must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."  The rule announced in Rehaif, which narrows the scope of the offense, is a new substantive rule retroactively applicable to cases on collateral review.  See Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004).

4. The indictment in this case failed to allege knowledge of status as an essential element of the offense, thereby failing to allege an offense.  Due to the defective indictment, this Court did not have jurisdiction to enter a judgment in the § 922(g) prosecution.

5. The indictment violated Griffin's Fifth Amendment right to be charged by a grand jury.

6. The indictment violated Griffin's Sixth Amendment right to notice.

7. Griffin was not informed that knowledge of status was an essential element of the § 922(g) offense.  Accordingly, his plea was not made knowingly and voluntarily, in violation of his Fifth Amendment right to due process.

8. The Rehaif errors in Griffin's proceedings were prejudicial.

9. Griffin's motion challenging his § 922(g) conviction is timely under 28 U.S.C. § 2255(f)(3).  It is filed within one year of the date on which the right asserted was initially recognized by the Supreme Court.  That right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Respectfully submitted,
JOHN GRIFFIN

/s/ JEAN C. LaROCQUE                              Dated: June 22, 2020
Jean C. LaRocque
Bar No. 559376
Shea and LaRocque, LLP
929 Massachusetts Avenue, Suite 200
Cambridge MA  02139
telephone:  617.577.8722
e-mail:  jean@shearock.com

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) will be sent to those indicated as non-registered participants on June 22, 2020.

/s/ Jean C. LaRocque
JEAN C. LaROCQUE